# Douglass *v.* Prowell, Judge, &c.

### *Application for Mandamus.*

1. *Appointment of solicitor; when special act controls.*—Under Under the special act "to provide for the prosecution of misdemeanors in the county court of Marengo county," (Acts of 1882-83, p. 647), imposing upon the judge of that court the

[Douglass v. Prowell, Judge, Etc.]

duty of appointing a solicitor *pro tem.* in the absence of the solicitor of the first judicial circuit, a deputy solicitor for Marengo county, appointed by the solicitor of the first judicial circuit, under the authority conferred by the statute, (Code, § 5537 *et seq.*), has not the right, by reason of such appointment, to represent the State in the prosecution of misdemeanors in the county court of Marengo county; the solicitor *pro tem.* appointed by the judge of said court being the one authorized to so appear for the State.

APPEAL from the Order of the Judge of the Circuit Court of Marengo.

Heard before the Hon. JOHN C. ANDERSON.

The appellant, R. M. Douglass, filed a petition addressed to the judge of the First Judicial Circuit, asking for a *mandamus* to compel a *mandamus* directed to S. P. Prowell, as judge of the county court of Marengo county compelling him to recognize the petitioner as a deputy solicitor of Marengo county, and to allow him at each term of the county court, to prosecute misdemeanors that were tried in said court.

It was averred in the bill that the petitioner was duly appointed deputy solicitor for the county of Marengo by °B. F. Elmore, solicitor for the First Judicial circuit of Alabama, and that he was duly commissioned as such deputy solicitor; that as such deputy solicitor it was his duty to appear in the county court before S. P. Prowell, judge of said court, and prosecute all misdemeanors coming on for trial in said court; that in attempting to carry out his duty at the regular term of the county court held by S. P. Prowell, he appeared and presented his commission as such deputy solicitor, and requested permission to prosecute the criminal cases pending in said court; but that said Prowell as judge of the county court, refused the petitioner permission to appear and represent the State in the trial of misdemeanor cases.

In the response to the rule *nisi* issued to S. P. Prowell as judge of the county court, he answered and averred in his answer that he, as judge of the county court of Marengo, has the right and authority under the "act to provide for the prosecution of misdemeanors in the county court of Marengo county," approved February

23, 1883, (Acts of 1882-83, p. 647), to appoint a solicitor *pro tem.* in the absence of the circuit solicitor; that under said act the solicitor for the First Judicial circuit is made the prosecuting officer of the county court, and it is further provided in said act, that in the absence of said circuit solicitor the judge of said court should appoint a solicitor *pro tem.* It was then further averred in the answer, that the solicitor of the First Judicial Circuit had never been present at the regular or special term of the county court and in the discharge of his duty as such judge, the respondent had always appointed a solicitor *pro tem.* to prosecute the misdemeanors in said court, and that the petitioner was not so appointed by the respondent, and hence he, as such judge, denied the petitioner the right to appear on behalf of the State. There was no dispute as to the facts, and on the submission of the cause, the judge of the First Judicial Circuit denied the relief prayed for and refused to grant a writ of *mandamus.* From this order of the judge the present appeal is prosecuted, and the rendition thereof is assigned as error.

R. M. DOUGLASS, for appellant.

J. M. MILLER, *contra.*

TYSON, J.—The "act to provide for the prosecution of misdemeanors in the county court of Marengo county" imposes upon the solicitor of the first judicial circuit the duty of prosecuting all misdemeanors in that court, and in his absence, the duty is imposed upon the judge of that court of appointing a solicitor *pro tempore* to do so.

By the act of February 28, 1887, now constituting sections 5537 *et seq.* of the Code, authority is conferred upon circuit solicitors to appoint deputy solicitors to hold office during the term of the solicitor, unless sooner removed by him, to represent the State in the county courts, and when appointed, the deputy-solicitors are required to perform the duty of prosecuting all persons charged with misdemeanors in that court. Ap-

pellant was regularly appointed deputy solicitor for Marengo county, and claimed the right to prosecute misdemeanors in that court, which the judge of that court denied to him.

It is conceded by appellant that the special act is not repealed by the Code or the act of 1887. His contention is when he appeared, that was an appearance by the circuit solicitor and, therefore, the contingency never arose upon which the judge was authorized to act. This is untenable for the reason that his right, if he possessed it, to appear, was not as agent or representative of the circuit solicitor, but in right of the exercise of his office as deputy solicitor — as a representative of the State by virtue of the office which it conferred upon him.

It is further contended that the legislature in providing for the appointment of a solicitor *pro tempore* by the judge of the county court, simply intended to provide and empower the judge in the absence of some one authorized by law to prosecute for and represent the State in the trial and there was no intention to confer such authority, if a deputy solicitor could and would appear. This construction would not only strike down the plain language of the act, but would be inferring an intention from a state of facts which did not exist at the time of its enactment; for there was no such officer as deputy-solicitor at that time. It could hardly be supposed that in 1882, the Legislature could know that in 1887, such an officer would be constituted. But had he existed, with authority to prosecute in the county court of Marengo, it is clear that the act would have deprived him of his right to do so.

Affirmed.